In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| Roy L. Smith, #255906, ) | |
| ) | Civil Action No. 9:07-1774-HFF-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF THE MAGISTRATE JUDGE** |
| Ms. Redfearn Miller, ) | |
| Grievance Officer at Evans CI, ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION

The Plaintiff, Roy L. Smith ("Smith" or "Plaintiff"), is incarcerated within the South Carolina Department of Corrections ('SCDC") and was housed at the Evans Correctional Institution ("Evans CI") at the time of the events giving rise to this action. Proceeding *pro se*, he has brought this action against Ms. Redfearn Miller, the Grievance Officer at Evans CI ("Ms. Redfearn Miller" or "Defendant"), seeking relief pursuant to Title 42, United States Code Section 1983 for alleged violations of his constitutional rights.[1]  [1]

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  The Plaintiff and the

---

[1] 42 U.S.C. §1983 provides, in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Defendant have filed motions for summary judgment. [26; 15] As these are dispositive motions, this Report and Recommendation is entered for review by the District Court.

## II.  *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e) (2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Hence, under Section 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under Section 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id*.

This Court is required to liberally construe pro se documents, *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), holding them to a less stringent standard

than those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam* ).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.  BACKGROUND AND PROCEDURAL HISTORY

On June 25, 2007,[2] Plaintiff filed his verified Complaint[3] alleging that the Defendant violated the Prison Litigation Reform Act ("PLRA") and his due process rights under the Fourteenth Amendment when she refused to process his grievance filed after he underwent an Informal Resolution/Administrative Resolution process (the "Resolution Process") to answer to a

---

[2] Should a limitations issue arise in this action, Plaintiff will have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the delivery date of his complaint. *See* this court's Order [7] filed on July 6, 2007.

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

charge of making an obscene gesture. Plaintiff alleges that as part of the Resolution Process, he appeared before Captain Rogers on January 19, 2007 on the charge of use of obscene gestures. Plaintiff alleges that contrary to what the Resolution Process form indicates, he did not accept the sanction imposed, and that it was not his name, or his signature, on the Resolution Process form. Plaintiff contends that someone else signed the Resolution Process form to make it look like he accepted the sanctions of the loss of twenty (20) days of accrued good time credits and also accepted the loss of the opportunity of employment at a work release center. Plaintiff filed a grievance with Ms. Redfearn Miller, alleging that she had violated his due process rights under the United States Constitution, and claiming that Captain Rogers had forged his signature,[4] and that he had not accepted an informal or administrative resolution. Ms. Redfearn Miller first responded as follows:

> I/M Smith: SCDC Policy FA-01.12, Inmate Grievance System, states that the disposition of any Agency Disciplinary proceeding which resulted from a guilty plea by the inmate or if the inmate accepted informal or administrative resolution, is non-grievable. Please view copy of original.

On February 15, 2007, Plaintiff sent a Request to Staff Member to the Defendant, stating he disagreed with her response, and again stating that it was not his name, or his signature, on the Resolution form. Plaintiff asked that the charge be dismissed because of due process and procedural errors. Defendant replied:

> I/M Smith: I will not address issue again. Looks like your signature to me. Please view exact same handwriting & signature on ECI 1155-06, ECI 1238-06 and 1195-06 and many many more.

On March 23, 2007, Plaintiff filed Grievance No. ECI-0413-07, alleging that Defendant violated the Prison Litigation Reform Act and his due process rights because she refused to process three grievances, including ECI-0119-07, and failed to pass it on to the Warden for his response. On that same day, the Defendant replied as follows:

---

[4] The Grievance (ECI-0119-07) dated January 19, 2007, is attached to Plaintiff's Complaint. [1]

> I/M Smith: Your grievance will be forwarded to IGA [Institutional Grievance Administrator] A. Hallman for response. You will be notified of her decision.

In his Complaint, Plaintiff contends that because of Defendant's behavior, he has been harmed by his loss of 20 days of accrued good time credit, and also has lost the chance of making money at a work release center.[5] Plaintiff seeks "relief of pain and suffering" and $80,000. in damages for the alleged violations of his due process rights.[6]

On July 6, 2007 the court authorized service of process by the clerk, notified Plaintiff of the change of address rule, and granted Plaintiff's motion to proceed *in forma pauperis*. [6, 7] On August 22, 2007, an answer was filed on behalf of the Defendant [10], followed by a motion for summary judgment on October 3, 2007. [15] Thereafter, the Court issued an Order reuqest6ing that the Defendant file certain documents with the Court, and the Defendant replied on October 17, 2007. [17;19] An Order was filed pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) which advised the Plaintiff of the summary dismissal procedure and the possible consequences if he failed to respond adequately. [20] On October 24, 2007, Plaintiff filed a motion for summary judgment [26], to which the Defendant responded. [30]

## IV.  SUMMARY JUDGMENT STANDARD

The parties' motions for summary judgment are governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

---

[5]   Complaint [1] at p. 4.

[6]   *Id.* at p. 5.

Rule 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. When Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the

movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

## V.  DISCUSSION

### A.  Plaintiff's Claim that his Grievance was not Properly Processed Fails to State a Valid Cause of Action

The gravamen of Plaintiff's Complaint is that after he received a disciplinary conviction for the use of obscene gestures at Evans CI, he filed a Step One grievance, which the defendant, an Institutional Grievance Coordinator at Evans Correctional Institution, failed to process.[7] However, the Defendant's decision not to process the Grievance was made in accordance with SCDC policy which mandates that a guilty plea is not a grievable issue.[8]  Plaintiff contends that the Defendant violated his constitutional rights by not forwarding his Step One grievance to the Warden at Evans CI for his review.[9]

To the extent that Plaintiff complains that his grievance was not properly processed, he has failed to state a viable cause of action under 42 U.S.C. § 1983.  As a threshold matter, prison inmates do not possess any federal constitutional right to have any inmate grievance system in operation at the place where they are incarcerated.  *See, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D.Va. 1994).  Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. *See Mann*.  As a result, even if corrections officials fail to properly apply an inmate grievance

---

[7]  Complaint [1] at p. 3.

[8]  *See* Defendant's Exhibit # 2, Policy #GA-01.12, Inmate Grievance System, §8.3, attached as [15-4].

[9]  Complaint [1] at p. 3.

procedure, or fail to properly process an inmate's grievance, these failures are not actionable under Section 1983. *Id. (citing Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D.Mo. 1986) *and Azeez v. DeRobertis*, 568 F. Supp. 8, 9-11 (N.D.Ill. 1982)). A claim that a grievance was improperly handled does not state a claim under Section 1983. *Hendricks v. Galloway*, 2004 WL 3090229 at *7(D.S.C. 2004). Therefore, Plaintiff's claim fails as a matter of law, and the Defendant is entitled to summary judgment in her favor for this reason.

### B. The Defendant Has No Liability for The Plaintiff's Loss of Accrued Good Time Credits

Plaintiff contends that because the Defendant failed to properly process his Step One grievance, she is liable to him for a loss of accrued good time credits. He alleges that "because of Ms. Miller's behavior I am suffering by haven [sic] to serve more time own [sic] my sentence 20 days[.]".[10] Plaintiff appears to claim that because the Defendant returned his grievance unprocessed, and did not route it to the Warden in the hope that he would invalidate the disciplinary conviction, the Defendant is liable to him for the loss of the 20 days of good time credits.

Plaintiff's argument is without merit. The Plaintiff appears to seek two forms of relief: the restoration of the lost good-time credits, and monetary damages based on the alleged due process violations. However, neither form of relief is available. Pursuant to the United States Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), a prisoner seeking the restoration of good time credits may only do so by way of a petition for writ of habeas corpus.

In addition, the Plaintiff cannot proceed on his claim for monetary damages for the alleged deprivation of good time credits without due process of law because, if proven, the Plaintiff's allegations would necessarily imply the invalidity of his disciplinary conviction, and

---

[10]     Complaint [1] at p. 4.

Plaintiff's claim for monetary damages is not cognizable under Section 1983. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck v. Humphrey*, the United States Supreme Court stated:

> [I]n order to recover damages for allegedly constitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of Writ of Habeas Corpus. *Heck*, 512 U.S. at 486-87.

The Supreme Court subsequently extended this ruling in *Edwards v. Balisok*, 520 U.S. 641 (1997) to a prisoner's claims for damages regarding a loss of good time credits allegedly resulting from the state's use of constitutionally invalid disciplinary procedures. As the Supreme Court explained, an inmate's claim for "declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Edwards v. Balisok*, 520 U.S. at 648.

More recently, in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1248 (2005), the Supreme Court explained:

> *Heck* specifies that a prisoner cannot use §1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence. And *Balisok* ... demonstrates that habeas remedies do not displace §1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement. These cases, taken together, indicate that a state prisoner's §1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Here, Plaintiff has brought his action pursuant to Section 1983 and appears to allege that the procedural aspects of the Resolution Process were handled in a fraudulent manner. If Plaintiff were to prove that fraud had been committed, and he was wrongly punished, then it would follow that the Resolution Process that resulted in the revocation of his good time credits

is invalid, and he would be entitled to restoration of those good time credits. *See Edwards v. Balisok*, 520 U.S. at 647. In evaluating the Plaintiff's claim in this action, it is clear that a favorable judgment in his favor would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). As success for the Plaintiff in this action would result in a shorter term in prison, through the restoration of his good time credits previously taken, this case lies at "the core of habeas corpus[.]" *See Preiser v. Rodrigues*, 411 U.S. 475, 489 (1973). Accordingly, *habeas corpus,* not Section 1983*,* is the appropriate vehicle for his claims. *See Edwards,* 520 U.S. at 648.

### C. To the Extent that Plaintiff has Alleged that his Inability to Work Earn Work Release Credits Violates His Constitutional Rights, His Claim is Without Merit

Plaintiff alleges in his Complaint that as a result of the Defendant's actions, "I also lose the chance of making money at a work release center[.]"[11] To the extent that this claim can be construed as an allegation that his constitutional rights were violated because he was unable to earn work credits for an unspecified period of time as a result of the Defendant's actions, his claim is without merit and should be dismissed.

As specifically stated in §24-13-230 of the Code of Laws of South Carolina, "[t]he Director of the Department of Corrections may allow any prisoner in the custody of the Department . . . who is assigned to a productive duty assignment . . . a reduction from the term of his sentence of zero to one day for every two days he is employed[.]" *See generally, Quillian v. Evatt*, 315 S.C. 489, 445 SE2d 639 (Ct. App. 1994) (participation in a work release program is a privilege, not a right).

It is well-settled that prisoners have no property interest in work release programs or job assignments, and therefore the Defendant cannot be said to have violated the Plaintiff's

---

[11]     Complaint [1] at 4.

constitutional rights.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1407 (10th Cir.1996) (no property interest in prison employment); *Ingram v. Papalia*, 804 F2d 595, 596 (10th Cir. 1986) (no constitutional property interest in prison employment); *Adams v. James*, 784 F2d 1077-79 (11th Cir. 1986) (same); *O'Barr v. Pinion*, 953 F2d 74, 85-86 (4th Cir. 1991) (removing inmate from work release program did not violate his constitutional rights).  The assignment of work to prisons is a matter of prison administration, within the discretion of prison administrators, and inmates do not have a liberty interest derived from the due process clause, nor do they have a property interest, in a specific job or any job at all while incarcerated.  *Watts v. Morgan,* 572 F. Supp. 1385, 1388 (N.D. Ill. 1983).  Therefore, to the extent that the Plaintiff claims that his constitutional rights were violated because the Defendant prevented him from participating in a work release program is without merit.

### D.  To the Extent the Plaintiff has Alleged Claims Against the Defendant in her Official Capacity, She is not Amenable to suit under Section 1983

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the United States Supreme Court stated that a suit brought against "a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Suits against officials in their official capacity are simply another way of pleading an action against the entity for which the official is an agent.  *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Additionally, states and state agencies are not "persons" as defined by 42 U.S.C. § 1983 and therefore are not subject to suit under Section 1983.  *Will*, at 58.

The events about which Plaintiff complains allegedly occurred while the Defendant was acting in her capacity as an employee of the SCDC.  Thus, to the extent Plaintiff lodges claims against the Defendant in her official capacity, these are actually claims against the SCDC and should be dismissed.

### E.  To the Extent the Plaintiff has Alleged Claims Against the Defendant in Her Personal Capacity, She is Entitled to the Defense of Qualified Immunity

The doctrine of qualified immunity protects government officials who are carrying out discretionary functions from personal monetary liability in cases where their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  In *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985), the United States Supreme Court upheld the extension of qualified immunity to prison officials.  In discussing the issue of qualified immunity, the Court of Appeals for the Fourth Circuit stated that:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  In determining whether the specific right allegedly violated was clearly established, the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged.  Moreover, the manner in which this clearly established right applies to the actions of the official must also be apparent.  As such, if there is a legitimate question as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

*Wiley v. Doory*, 14 F.3d 993, 995 (4th Cir. 1994) (internal quotations, citations, and modification omitted), *cert. denied*, 516 U.S. 824, 116 S.Ct. 89, 133 L.Ed.2d 45 (1995).

In addressing the defense of qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation."  *Wilson v. Lane*, 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999).  The plaintiff's rights must be established so clearly that a "reasonable official would understand that what he is doing violates that right."  *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (*quoting Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)).  If the court initially determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that

does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). Accordingly, ruling on a defense of qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992).

As mentioned above, the Plaintiff does not have any right to a prison grievance procedure. Thus, the inquiry ends here, "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998).

## RECOMMENDATION

Based upon the foregoing, it is recommended that the **Defendant's motion for summary judgment [15] should be granted, and that the Plaintiff's motion for summary judgment [26] should be denied.**

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

May 30, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).